UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61673-CIV-DAMIAN/AUGUSTIN-BIRCH

**DAMION SALEEM MOHAMMED**,

    Petitioner,

v.

**KRISTI NOEM, et al.**,

    Respondents.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation on Petition for Habeas Corpus ("Report") [ECF No. 8], entered on September 5, 2025.

THE COURT has considered the Report, the record in this case, and relevant legal authorities and is otherwise fully advised.

On August 18, 2025, Petitioner, Damion Saleem Mohammed ("Petitioner"), filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], seeking to prevent his deportation and to have this matter remanded to immigration court. Petitioner also filed a Motion to Stay his deportation while his Petition is pending. [ECF No. 3]. The case was assigned to Magistrate Judge Augustin-Birch pursuant to Administrative Order 2025-11. [ECF No. 2].

On September 4, 2025, Judge Augustin-Birch issued the Report concluding that the Court lacks jurisdiction to consider Petitioner's challenge to his removal proceedings and recommending that (1) the Petition be denied for lack of jurisdiction and (2) the Motion to

Stay be denied as moot. *See* Report at 1. To date, no objections have been filed and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record in this case, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Augustin-Birch's well-reasoned findings and conclusions and agrees with Judge Augustin-Birch's recommendations that the Petition be denied for lack of jurisdiction and that the Motion for Stay be denied as moot.

Accordingly, for the reasons set forth, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Judge Augustin-Birch's Report and Recommendation **[ECF No. 8]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. The Petition for Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]** is **DENIED WITHOUT PREJUDICE**.

3. Petitioner's Motion for Stay [**ECF No. 3**] is **DENIED AS MOOT**.

4. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of September, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Damion Saleem Mohammed, *Pro se*
     8530 NW 47th Street
     Lauderhill, FL 33351

3